UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:04CV-561-M**

**DIRECTV, INC.**                                                                                     **PLAINTIFF**

**VS.**

**HAYWARD TOMES**                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion by Plaintiff, DIRECTV, Inc., for summary judgment against Defendant, Hayward Tomes, for Defendant's alleged violation of 47 U.S.C. § 605(a), 18 U.S.C. § 2511, and 18 U.S.C. § 2512 [DN 9].

**I. STANDARD OF REVIEW**

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-

moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II.  FACTS

Plaintiff, DIRECTV, filed this action on September 24, 2004, against Hayward Tomes alleging that the Defendant pirated or attempted to pirate DIRECTV's encrypted satellite television transmissions using what is referred to in the industry as a "pirate access device." Defendant Tomes is alleged to have purchased a total of two (2) Pirate Access Devices as more particularly described in Plaintiff's motion for summary judgment. The record reflects that a summons and complaint were served upon Defendant, Hayward Tomes, on October 7, 2004. Defendant Tomes filed an answer on November 19, 2004.

In its affidavit in support of its motion for summary judgment, Plaintiff's counsel represents that on January 13, 2005, Plaintiff served Defendant Tomes with Plaintiff's First Set of Interrogatories and First Set of Requests for Admissions and that the Defendant filed no response. (Larry C. Ethridge Affidavit at ¶ 6). DIRECTV filed a motion to compel on March 17, 2005, and Magistrate Judge E. Robert Goebel issued an Order to compel Tomes'

response on June 21, 2005. The Order required Defendant Tomes to provide the written discovery requested by Plaintiff on or before July 13, 2005. Defendant Tomes failed to provide this information. DIRECTV filed the current motion for summary judgment against Defendant Tomes on August 12, 2005. Defendant Tomes has failed to respond to the motion for summary judgment.

### III. DISCUSSION

Plaintiff has moved for summary judgment for Defendant's alleged violation of 47 U.S.C. § 605(a), 18 U.S.C. § 2511, and 18 U.S.C. § 2512. The Defendant failed to respond to this motion for summary judgment and to the request for admissions submitted to him by the Plaintiff. Defendant's failure to answer Plaintiff's request for admissions results in the admission of the matters contained in the requests. Fed. R. Civ. P. 36(a). As a result, there are no genuine issues as to any material fact and Plaintiff is entitled to judgment as a matter of law. The Court grants summary judgment against Defendant, Hayward Tomes, pursuant to Fed. R. Civ. P. 56.

DIRECTV has elected to receive statutory damages instead of actual damages; therefore, no hearing is necessary to determine an appropriate award of damages. The statutory damages available to DIRECTV for each violation of 47 U.S.C. § 605(a) is "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i). Pursuant to 47 U.S.C. § 605(e)(3)(C), the Defendant is subject to statutory damages of a minimum of $2,000.00 and a maximum of $20,000.00. The Court determines that an award of statutory damages in Plaintiff's favor against Defendant, Hayward Tomes,

in the amount of $8,500.00 is just and appropriate for the § 605(a) violation.

The statutory damages available to DIRECTV for violations of 18 U.S.C. § 2511 and § 2512[1] is "the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). Under § 2520(c)(2), the Court has "broad[] discretion, to award damages as authorized by the statute, or to award no damages at all." Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996); Doris v. Absher, 179 F.3d 420, 429-430 (6th Cir. 1999). In the present case, Plaintiff's motion for summary judgment does not include facts regarding the extent to which the Defendant unlawfully intercepted the signals or if the Defendant profited from the pirate access devices. Furthermore, since the Court is awarding damages for the 47 U.S.C. § 605(a) violation, the Court determines that an award of damages under § 2520 would serve no legitimate purpose. See Doris, 179 F.3d at 430; DIRECTV V. Guzzi, 308 F. Supp.2d 788 (E.D. Mich. 2004). Accordingly, the Court exercises its discretion to award no damages under 18 U.S.C. § 2520(c)(2).

The Court further determines that Plaintiff shall recover from Defendant, Hayward Tomes, its costs incurred herein, including attorney's fees. 47 U.S.C. § 605(e)(3)(B); 18 U.S.C. § 2520(b)(3).

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

---

[1] Because the award of damages for a violation of 18 U.S.C. § 2511 and/or 18 U.S.C. § 2512 is governed by the same statute, 18 U.S.C. § 2520, it is not necessary for the Court to decide whether a private cause of action pursuant to 18 U.S.C. § 2512 exists.

1.	The motion by Plaintiff, DIRECTV, for summary judgment against Defendant, Hayward Tomes, [DN 9] is **granted**.

2.	The Court awards Plaintiff statutory damages against Defendant, Hayward Tomes, in the amount of $8,500.00 and its costs incurred herein, including attorney's fees. Counsel for Plaintiff shall submit a motion and affidavit for attorney's fees within ten (10) days of the entry of this Order. A separate judgment shall enter concurrently herewith.

cc: counsel of record
    Hayward Tomes